[Doppsubv] [District Order Prescribing Procedures in Ch. 11 Subchapter V Case, Setting Deadline for Filing Plan, and Setting Status Conference]

ORDERED.

**Dated: May 24, 2021**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Work Cat Florida LLC
fka Work Cat Trans Gulf, LLC

_____Debtor(s)[1]_____/

Case No.
8:21–bk–02588–CPM
Chapter 11
Subchapter V

**ORDER PRESCRIBING PROCEDURES IN CHAPTER 11 SUBCHAPTER V CASE, SETTING DEADLINE FOR FILING PLAN, AND SETTING STATUS CONFERENCE**

THIS CASE, filed under Subchapter V of Chapter 11, came on for consideration by the Court of the entry of an appropriate order. Accordingly, it is

**ORDERED**:

1. <u>Compliance with Local Rule 2081–1.</u> Except to the extent modified herein, Debtor shall comply with the requirements of Local Rule 2081–1, including the requirement that Debtor file a Case Management Summary within three days of the filing of the petition.

2. <u>Communication with Subchapter V Trustee.</u> Debtor's counsel or, if Debtor is self–represented, Debtor, shall contact the Subchapter V Trustee (the "Trustee") within five days of the date of this order to discuss the Trustee's facilitation of the development of a consensual plan of reorganization. The Debtor is expected to communicate regularly and share information with the Subchapter V Trustee as is appropriate under the facts of the case.

_____

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

3. <u>Interim Trustee Compensation.</u> Within 30 days of the petition date and continuing monthly thereafter, Debtor shall remit to the Trustee interim compensation in the amount of $1,000.00. The amount of the interim compensation is subject to adjustment by the Court upon the request of any interested party and the Court's approval of the Trustee's fee application under 11 U.S.C. § 330. Debtor shall include the Trustee's interim compensation in any proposed cash collateral budget.

4. <u>Status Conference.</u> The Court will conduct the status conference required by 11 U.S.C. § 1188 on June 17, 2021, at 02:00 PM in Courtroom 8B, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, FL 33602. The Court may set other status conference(s) as are appropriate in the case. Prior to the status conference, Debtor shall file and serve the report required by 11 U.S.C. § 1188(c) detailing the efforts that Debtor has undertaken and will undertake to attain a consensual plan of reorganization. The Debtor's report shall include the following information:

   a. Whether and to what extent the Debtor has communicated with the Subchapter V Trustee;

   b. Whether and to what extent the Debtor has communicated with creditors; and

   c. Whether the Debtor is aware of or anticipates any objections or impediments to consensual confirmation and describing the issues.

5. <u>Mediation.</u> If Debtor or the Trustee believes that mediation will facilitate a consensual plan of reorganization, Debtor may file a motion for an order directing any party in interest, e.g., a landlord or a secured creditor, to mediation.

6. <u>Plan Filing Deadline.</u> Debtor shall file a plan of reorganization that satisfies the requirements of 11 U.S.C. § 1190 on or before August 16, 2021.

7. <u>Operation of Business.</u> Debtor shall continue in possession and control of its property and as debtor–in–possession may operate its business pursuant to 11 U.S.C. § 1108. Subject to the provisions of 11 U.S.C. § 363 regarding use of cash collateral,[2] Debtor is authorized to pay all necessary and current expenses of operating its business, including taxes incurred in the operation of the business or imposed on its property, to the extent that such payments are postpetition obligations and are necessary to preserve the assets or operate the business.

8. <u>Debtor–in–Possession Bank Accounts.</u> Consistent with 11 U.S.C. § 345, Debtor is authorized and directed to open and maintain debtor–in–possession bank accounts for the deposit, investment, and disbursement of monies of the estate.

9. <u>Insurance.</u> Debtor shall maintain insurance customary and appopriate to Debtor's industry.

10. <u>Tax Returns.</u> No later than 30 days from the date of service of this Order, Debtor shall file with the appropriate agency any delinquent federal or state tax return for any tax period. Debtor shall timely file all federal and state tax returns required to be filed after the commencement of this case and shall timely pay all personal federal and state taxes that are due and payable after the commencement of this case. Debtor shall maintain copies of all tax returns, reports, and proof of all payments and make these available upon request for inspection by any representative of the appropriate taxing agency, the United States Trustee, or any trustee appointed in this case.

11. <u>Tax Deposits.</u> Within three business days following the end of all pay periods, Debtor shall make all tax deposits as required by the Internal Revenue Service and the State of Florida.

---

[2]Debtor may not use cash collateral unless each entity that has an interest in such cash collateral consents or the Court has so authorized. *See* 11 U.S.C. § 363(c)(2) and Local Rule 2081–1(g)(1).

[3]United States Trustee's Guidelines, ¶¶ 8 and 13. *See also* Fed. R. Bankr. P. 2015(a)(6) for Small Business Monthly Operating Reports, and Local Rule 2081–1(d).

12. <u>Monthly Operating Reports.</u> Debtor is required to file monthly operating reports until the earlier of confirmation of a plan or conversion or dismissal of the case.[3] Debtor shall file the monthly operating reports on or before the 21st day of the month following the time period covered by the report.

13. <u>Failure to Comply.</u> The failure timely to comply with this Order may result in the imposition of sanctions against the Debtor or Debtor's counsel, including, but not limited to, conversion or dismissal of the case,[4] removal of the Debtor as debtor–in–possession,[5] and monetary sanctions.

_____

[4]*See* 11 U.S.C. § 1112(b)(4)(F) and (H).
[5]*See* 11 U.S.C. § 1185(a).

The Clerk's office is directed to serve a copy of this order on interested parties.