UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

WORK CAT FLORIDA, LLC f/k/a
WORK CAT TRANS GULF, LLC,

    Debtor.
_____/

Case No.: 8:21-bk-02588-CPM

Chapter 11

### DEBTOR'S AMENDED EMERGENCY MOTION TO ASSUME EXECUTORY CONTRACT WITH NOWACCOUNT NETWORK CORPORATION AND TO APPROVE SALE OF POST-PETITION RECEIVABLES

*Emergency Hearing Requested on or before June 4, 2021 at 11:00 AM*

**WORK CAT FLORIDA, LLC** *formerly known as* **WORK CAT TRANS GULF, LLC** (the "Debtor" or "WCF"), by counsel and pursuant to Sections 105, 363, 364, and 365(a)[1] of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), and Fed. R. Bankr. P. 4001, moves for entry of an order authorizing the Debtor to assume the amended executory contact, by and between the Debtor and NOWaccount Network Corporation ("NOW"), and approving the sale of receivables post-petition to NOW. In support of this Motion, the Debtor states as follows:

### BACKGROUND

1.    On May 18, 2021 (the "Petition Date"), the Debtor filed a voluntary petition commencing this case as a Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses as debtor-in-possession pursuant to Sections 1107(a) and 1108

---

[1] The NOW Contract is essentially a factoring agreement of the Debtor's receivables. There is conflict as to whether factoring is a true sale of receivables, or provides the factor with a security interest in the "sold" receivable. The Debtor is not requesting the Court make this determination at this time, but instead reserve on that issue if it ever becomes relevant.

of the Bankruptcy Code.

2.  The Debtor is a party to that certain NOWaccount Merchant Services Agreement dated December 22, 2020 (the "Initial Contract") with NOW, which accelerates invoice payments in favor of the Debtor. On May 19, 2021, the Debtor filed its Emergency Motion to Assume Executory Contract with NOWaccount Network Corporation [ECF No. 10], which is currently set for a continued hearing on June 17, 2021 at 2:00 PM.

3.  The Debtor and NOW wish to enter into a modified NOWaccount Merchant Services Agreement (the "Amended Contract"). The Debtor is waiting on the finalized Amended Contract, which will be filed with the Court upon receipt.

4.  The Debtor has postponed cancellation of its insurance. As a result, the insurance will remain in effect through June 10, 2021.

5.  The Initial Contract remains active and is an asset of the Debtor and its estate. Pre-petition the Debtor sold receivables to NOW, and pursuant to the Initial Contract. NOW has agreed to continue to purchase receivables from the Debtor pursuant to the terms of the Amended Contract. The Debtor needs access to the funds the Amended Contract will generate from the trip the Debtor intends to make, leaving Brownsville Texas, tomorrow, Friday, June 4, 2021 (the "June 4 Voyage").

6.  The Debtor's customers, Transplace, RCS, and Landstar have approved the selling of invoices to be generated by the June 4 Voyage, in the approximate amounts of $126,000 (Transplace), $63,500 (RCS), and $107,000 (Landstar). The net payment from NOW will be sufficient to cover all costs of the June 4 Voyage, and the return to Brownsville after the removal of the cargo.

**RELIEF REQUESTED**

7. Through this Motion, the Debtor seeks authority from the Court to (i) assume the Amended Contract pursuant to Section 365(a) of the Bankruptcy Code, and pursuant to Amended Contract incur debt to be secured by any sold receivable, and (ii) factor receivables with NOW and to grant NOW the liens and other protections provided for under the Amended Contract, including a post-petition liens on accounts receivables to same extent, validity, and priority as existed pre-petition.

**I. Amended Contract with NOW**

8. The Amended Contract is critical for the continued operations of the Debtor's business and assumption is in the best interest of the estate. The Debtor is a relatively new company, and needs quicker access to capital to be able to remain operational and become profitable. The Debtor's receivables are generally paid between net 30 and net 60 days, however the obligations the Debtor must pay, especially in light of the pre-petition defaults, need to be paid prior the Debtor's collection on its receivables.

9. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See Sharon Steel Corp. v. Nat'l Fule Gas Distrib. Corp.*, 872 F.2d 36 (3d Cir. 1989); *In re H.M. Bowness, Inc.*, 89 B.R. 238 (Bankr. M.D. Fla. 1988) ("Ordinarily, the decision to assume or reject an executory contract is left entirely to the debtor. Upon proper motion, the court should give perfunctory approval of the decision subject only to review under the business judgment rule.").

10. Courts generally do not second guess a debtor's business judgment concerning the assumption of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261 B.R. 103 (Bankr. D. Del. 2001); *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043 (4th Cir. 1985); *In re Health Science Products, Inc.*, 191 B.R. 895 (Bankr. N.D. Ala. 1995) ("The issue thereby presented for determination by the bankruptcy court is whether the decision of the debtor is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice").

11. The right of a debtor-in-possession to assume unexpired leases and executory contracts is fundamental to the bankruptcy process because it supplies a mechanism to supplement its financial responsibilities to the bankruptcy estate. The Debtor has concluded that the Contract is necessary for an effective reorganization and that continued performance under the Contract would not constitute an unnecessary drain upon the financial resources of the Debtor without any corresponding benefit to its bankruptcy estate. Accordingly, the Debtor submits that the assumption of the Contract comports with the requirements of Section 365(a) of the Bankruptcy Code and satisfied the business judgment rule.

**II. Approval of Sale of Post-Petition Receivables**

12. The Debtor submits that irreparable harm will result if the Debtor cannot sell its accounts receivables as necessary. Such irreparable harm would include the inability of the Debtor to continue with recent contracts that require the purchase of substantial supplies. The Debtor's employees and the new contracts are critical to the success of the Debtor's efforts to reorganize.

13. The Debtor respectfully requests this Court hear this Motion on an emergency basis so the Debtor can acquire cash to meet its obligations during the pendency of this case,

including paying its employees pre-petition wages as sought through separate motion.

14. The Debtor submits that the relief requested in this Motion is in the best interest of the estate as it will provide the ongoing capital the Debtors needs to operate its business and generate revenue for the benefit of its creditors.

**WHEREFORE,** the Debtor respectfully requests entry of an order (i) granting this Motion, (ii) authorizing the Debtor's assumption of the Amended Contract, (iii) authorizing the Debtor to sell account receivables to NOW post-petition; (iv) grant replacement liens to NOW as described in this Motion; and (v) awarding such further relief as this Court may deem just and proper.

DATED: June 3, 2021.

GENOVESE JOBLOVE & BATTISTA, P.A.
*Attorneys for Debtor-in-Possession*
100 N. Tampa Street, Suite 2600
Tampa, Florida 33602
Telephone: (813) 439-3100
Facsimile: (813) 439-3110

By:  */s/ Eric D. Jacobs*
    Eric D. Jacobs, Esq.
    Florida Bar No. 85992
    ejacobs@gjb.law

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 3, 2021, a true and correct copy of the foregoing document has been furnished via electronic mail by virtue of the Court's CM/ECF notification system to those parties receiving electronic notices via CM/ECF in this case, and via First Class U.S. Mail and electronic mail to:

NOWaccount Network Corporation
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
Mayra.cruz@nowcorp.com

By: */s/ Eric D. Jacobs*
      Eric D. Jacobs, Esq.