UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:	Case No.: 8:21-bk-02588-CPM

WORK CAT FLORIDA, LLC,	Chapter 11

    Debtor.	**EMERGENCY HEARING REQUESTED**
_____/

**TRAILER BRIDGE, INC.'S EMERGENCY MOTION FOR ENTRY OF AN ORDER: (I) COMPELLING DEBTOR TO IMMEDIATELY ASSUME OR REJECT LEASE AGREEMENT; (II) COMPELLING DEBTOR TO PAY ADMINISTRATIVE EXPENSE CLAIM; (III) COMPELLING DEBTOR TO MAKE POST-PETITION LEASE PAYMENTS; OR ALTERNATIVELY, (IV) MODIFYING THE AUTOMATIC STAY**

Trailer Bridge, Inc. ("Trailer Bridge"), creditor and party-in-interest herein, through its undersigned counsel, in accordance with Sections 362(d)(1), 365(d)(2), 365(d)(5), and 503(b) of the Bankruptcy Code, moves the Court for the entry of an Order: (i) compelling the Debtor, Work Cat Florida, LLC ("Debtor"), to assume or reject its lease agreement with Trailer Bridge within five (5) days of the entry of an Order granting this Motion; (ii) granting an administrative expense claim for all rent due under the lease agreement for the first 59 days after the Petition Date in the total amount of $404,150; (iii) compelling the Debtor to begin making all post-petition payments under the lease agreement beginning on the 60th day after the Petition Date; or alternatively[1] (iv) modifying the automatic stay to allow Trailer Bridge to exercise all *in rem* rights in the leased personal property, including the right to take immediate possession of the Barges (as defined below). In support of its Motion, Trailer Bridge states the following:

---

[1] Trailer Bridge respectfully requests that the Court waive the requirements of Local Rule 9013-1(a) that motions request only one form of relief, given the exigent circumstances of this case.

**Jurisdiction, Venue and Statutory Predicates**

1. This Court has jurisdiction over the parties and this proceeding and the subject matter of this Motion pursuant to the Bankruptcy Code, 11 U.S.C. §§101 et seq., 28 U.S.C. §1334, 28 U.S.C. §157(a), under the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and by standing order of reference entered by the District Court. This matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), (M) and (O).

2. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 362(d)(1), 365(d)(2), 365(d)(5), and 503(b)(1).

**Facts Related to the Relief Requested**

4. On May 18, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

5. On May 20, 2021, Ruediger Mueller was appointed as Subchapter V Trustee in this case. The Debtor continues to operate its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. Prior to the Petition Date, on August 4, 2020 the Debtor and Trailer Bridge entered into a Standard Barge Charter Party Agreement (the "Lease") through which the Debtor leased two barges from Trailer Bridge (the "Barges"). A copy of the Lease is attached as **Exhibit A**.

7. The Lease provides for weekly payments at the rate of $3,425 per day, per Barge. The Lease also requires that the Debtor maintain insurance coverage on the Barges.

8. The Lease requires that the Debtor keep the Barges "in a good state of repair" and that the Debtor "shall take immediate steps to have necessary repairs done within a reasonable

time failing which [Trailer Bridge] shall have the right of withdrawing the Barge from the service of the [Debtor] . . . ." (Ex. A at ¶ 13(a)).

9. One of the Barges named the Atlanta Bridge (the "Atlanta Barge") was damaged in an incident prior to the Petition Date. According to the Debtor, the damage to the Atlanta Barge was caused by the tugboat towing the Atlanta Barge which is owned by Louisiana International Marine, LLC ("LIM" or the "Tugboat Company"). The Atlanta Barge was taken to International Ship Repair in Tampa (the "Shipyard") for repairs and the Debtor made a claim for the damage to LIM's insurance company. On or about May 31, 2021, LIM's insurance company denied coverage for the damage to the Atlanta Barge. The Shipyard had begun repairs to the Atlanta Barge but stopped because LIM informed the Shipyard it would not pay for the repairs to the Atlanta Barge and the Debtor had not communicated with the Shipyard. Trailer Bridge understands that the Atlanta Barge will begin to accrue docking fees in the amount of $4,000 per day, plus repositioning expenses of $10,000 per move (with a minimum of two required), while repair work is stopped and the barge is docked at another location at the Shipyard. According to its Schedules, on the Petition Date, the Debtor only had $15,531.10 in its bank account and $24,750 in accounts receivable. The Debtor will thus be unable to pay the docking fees and repositioning expenses for the Atlanta Barge, which will cause significant administrative expenses to be incurred against the estate. The Atlanta Barge is also likely subject to be liened by the Shipyard.

10. Upon information and belief, for a period post-petition, the second Barge named the Memphis Bridge (the "Memphis Barge") was being held offshore by the Tug Company, which had not been paid and is owed in excess of $1.1 million. Thus, the Tug Company began to assess the Memphis Barge for additional tug charges post-petition. Upon information and belief, the Tug Company has now resumed operations of the Memphis Barge for the Debtor at a significant cost

to the bankruptcy estate.  According to its Schedules, the Debtor will be unable to pay the tug charges for the Memphis Barge which will cause significant administrative expenses to be incurred against the estate.  The Memphis Barge is also likely subject to be liened by the Tug Company.

11.     The Debtor is in default of the Lease for failing to pay pre-petition amounts of $198,650 for the period of April 19, 2021 through May 17, 2021.  The Debtor is also in default of the Lease for failing to make two post-petition payments, one due on May 28, 2021 in the amount of $41,100 for the period of May 18, 2021 to May 23, 2021 and one due on June 4, 2021 in the amount of $47,950 for the period of May 24, 2021 through May 30, 2021.

12.     Trailer Bridge has been informed that the Debtor's insurance company terminated the insurance coverage on the Barges effective at midnight on June 2, 2021.

13.     The Debtor has not yet obtained any debtor-in-possession in financing.  While the Debtor purports to need Trailer Bridge's Barges for reorganization, upon information and belief, it does not currently have possession of either Barge.  Instead, each of the Barges is in possession of a third-party (the Shipyard and Tug Company) who is likely assessing significant administrative expense claims on a daily basis against Trailer Bridge's property.  Setting aside the crucial need for insurance, the Debtor cannot adequately protect Trailer Bridge against the third parties' daily charges, which are likely subject to being liened by the Tug Company and the Shipyard.

## RELIEF REQUESTED

*(A)     To Compel the Debtors' Immediate Assumption or Rejection of the Lease*

14.     The Debtor should be compelled within five (5) days of an order granting this Motion to immediately assume or reject the Lease.

15.     The Debtor is in post-petition arrears under the Lease and has accrued post-petition arrearages.  The Debtor does not have cash or accounts receivable sufficient to pay the post-petition

rent due under the Lease and the Debtor has not secured post-petition financing to finance its operations and pay the Lease payments.

16.     Under Section 365(d)(5) of the Bankruptcy Code, the Debtor is required to timely perform all obligations of the Debtor under the Lease arising from and after 60 days after the Petition Date until such time as the Lease is assumed or rejected, "unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof." 11 U.S.C. Section 365(d)(5).

17.     Moreover, the Debtor's insurance coverage has been terminated which is a breach of the Lease and, upon information and belief, the Debtor is not even in possession of either of the Barges, thus the estate is continuing to incur significant administrative expenses on a daily basis by the third parties in possession of Trailer Bridge's property.

18.     Meanwhile, the damaged Atlanta Barge is sitting at the Shipyard without any repair work being done and likely accruing docking fees in the amount of $4,000 or more per day, plus repositioning expenses of $10,000 per move (with a minimum of two required).

19.     An immediate determination of the Debtor's intent with respect to the Lease and the obligations thereunder is necessary to protect Trailer Bridge's rights and interest under the Lease and in the Barges.

    ***(B)    To Compel the Debtor to Pay Administrative Claim for Rent Due During Days 1-59 After the Petition Date***

20.     Trailer Bridge is entitled to an allowed administrative claim under 11 U.S.C. § 503(b)(1) for all unpaid post-petition Lease obligations accruing during the 59 days after the Petition Date totaling $404,150, plus Trailer Bridge's reasonable attorneys' fees and costs due under the Lease. *See In re Pettingill Enterprises, Inc.*, 486 B.R. 524 (Bankr. D.N.M. 2013) (lessor entitled to administrative expense claim for rent accruing during the first 60 days after the petition

5

date for equipment used by the debtor); *In re Russell Cave Co.*, 247 B.R. 656, 659 (Bankr. E.D. Ky. 2000) (a debtor does not get a 60 day "free" period to use leased property).

### *(C)    To Compel the Debtor to Make Post-Petition Payments To Trailer Bridge Beginning on Day 60 After the Petition Date*

21.     Irrespective of whether the Debtor assumes the Lease with Trailer Bridge, the Debtor should be compelled to make all post-petition payment obligations under the Lease starting 60 days after the Petition Date which would be July 17, 2021.

22.     The Debtor has ignored performing its obligations under the Lease since the bankruptcy filing (and, notably, was in significant default prior to the Petition Date).

23.     Although the Court may extend the time to perform any obligation arising under the Lease during the 60 day period after the Petition Date for cause, the Debtor has not requested any extension from the Court and no cause exists to grant any extensions.

24.     Since the Debtor has not rejected the Lease, the Debtor is required to timely perform all of its obligations under the Lease, regardless of the benefit to the estate.

25.     Under 11 U.S.C. § 365(d)(5), it is unnecessary for Trailer Bridge to make an initial showing of benefit conferred to the estate in order to be entitled to receive its lease payments. Trailer Bridge's entitlement to receive administrative lease payments from and after 60 days following the commencement of the bankruptcy case is automatic.

26.     Therefore, irrespective of the Debtor's assumption of the Lease, the Debtor must be compelled to begin making post-petition payments to Trailer Bridge beginning on July 17, 2021.

### *(D)     Cause Exists for Trailer Bridge to Obtain Relief From the Automatic Stay*

27.     In the event the Debtor fails to or cannot make post-petition payments to Trailer Bridge as required under Section 365(d)(5), cause exists to modify the automatic stay to allow Trailer Bridge to pursue all *in rem* relief related to the Barges in the Debtor's possession, including taking immediate possession thereof.

28.     Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as a stay of the commencement or continuation of any judicial proceeding against the Debtor and any act to obtain possession of property of the estate or of property from the estate.  Nevertheless, on request of a party in interest and after notice of a hearing, the court shall grant relief from the stay, pursuant to 11 U.S.C. § 362(d)(1) for cause, including the lack of adequate protection of an interest in property.

29.     Trailer Bridge lacks adequate protection of its interest in the Barges and "cause" exists as such term is utilized in 11 U.S.C. § 362(d)(1) based upon the Debtor's failure to make post-petition payments under the Lease, its insufficient cash to pay the post-petition payments and lack of post-petition financing, the lapse of insurance on the Barges, and the continued incurrence of administrative expenses against the estate by the third parties currently in possession of the Barges.  As noted above, the Atlanta Barge is not being repaired and is likely accruing docking fees of $4,000 per day, plus repositioning expenses of $10,000 per move (with a minimum of two required), which the Debtor has no ability to pay.  The Debtor is also incurring significant administrative expenses to the Tug Company, which the Debtor also has no ability to pay.  The Debtor simply cannot adequately protect Trailer Bridge against the third parties' daily charges, which are likely subject to being liened by the Tug Company and the Shipyard.  In view of the fact that the Barges will continue to depreciate while in the possession of a non-paying Chapter 11

lessee, cause exists to allow Trailer Bridge to exercise all *in rem* rights in the Barges subject to the Lease, including taking immediate possession thereof.

30. Accordingly, in the event the Debtor fails to immediately assume or reject the Lease and otherwise comply with 11 U.S.C. § 365(d), and 503(b)(1) as further described herein, Trailer Bridge seeks relief from the automatic stay allowing it to proceed with all *in rem* rights to recover immediate possession of the Barges from the Debtor.

**WHEREFORE**, Trailer Bridge, Inc. respectfully requests that this Court enter an order (i) compelling the Debtor to assume or reject the Lease within five (5) days of the entry of an Order granting this Motion; (ii) granting an administrative expense claim for all rent due under the Lease for the first 59 days after the Petition Date in the total amount of $404,150; (iii) compelling the Debtor to begin making all post-petition payments under the Lease beginning on the 60th day after the Petition Date; (iv) modifying the automatic stay to allow Trailer Bridge to exercise all *in rem* rights in the Barges, including the right to take immediate possession of the Barges; and (v) granting such other appropriate legal and equitable relief as is just and proper under the circumstances of this case.

DATED:  June 3, 2021                    **AKERMAN LLP**

*/s/ Steven R. Wirth*
Steven R. Wirth
Florida Bar No.: 170380
steven.wirth@akerman.com
401 East Jackson St., Suite 1700
Tampa, Florida  33602
Telephone: (813) 223-7333
Facsimile: (813) 218-5410

and

John B. Macdonald
Florida Bar No. 230340
john.macdonald@akerman.com

                                          Amy M. Leitch
                                          Florida Bar No. 90112
                                          amy.leitch@akerman.com
                                          50 North Laura Street, Suite 3100
                                          Jacksonville, Florida 32202
                                          Telephone: (904) 798-3700
                                          Facsimile: (904) 798-3730

                                          *Attorneys for Creditor, Trailer Bridge, Inc.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 3rd day of June, 2021, I filed a true and correct copy of the foregoing document with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copy on all counsel of record.

                                          */s/Steven R. Wirth*
                                          Steven R. Wirth