UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                    Case No.: 8:21-bk-02588-CPM

WORK CAT FLORIDA, LLC,                                           Chapter 11

        Debtor.                                                              **EMERGENCY HEARING**
_____/                          **REQUESTED**

### TRAILER BRIDGE, INC.'S EMERGENCY
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Trailer Bridge, Inc. ("Trailer Bridge"), creditor and party-in-interest herein, through its undersigned counsel, in accordance with Section 362(d)(1) of the Bankruptcy Code, moves the Court for the entry of an Order modifying the automatic stay to allow Trailer Bridge to exercise all *in rem* rights in the leased personal property, including the right to take immediate possession of the Barges (as defined below). In support of its Motion, Trailer Bridge states the following:

**Jurisdiction, Venue and Statutory Predicates**

1. This Court has jurisdiction over the parties and this proceeding and the subject matter of this Motion pursuant to the Bankruptcy Code, 11 U.S.C. §§101 et seq., 28 U.S.C. §1334, 28 U.S.C. §157(a), under the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and by standing order of reference entered by the District Court. This matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(G).

2. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is 11 U.S.C. § 362(d)(1).

**Facts Related to the Relief Requested**

4. On May 18, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

5. On May 20, 2021, Ruediger Mueller was appointed as Subchapter V Trustee in this case. The Debtor continues to operate its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. Prior to the Petition Date, on August 4, 2020 the Debtor and Trailer Bridge entered into a Standard Barge Charter Party Agreement (the "Lease") through which the Debtor leased two barges from Trailer Bridge (the "Barges"). A copy of the Lease is attached as **Exhibit A**.

7. The Lease provides for weekly payments at the rate of $3,425 per day, per Barge. The Lease also requires that the Debtor maintain insurance coverage on the Barges.

8. The Lease requires that the Debtor keep the Barges "in a good state of repair" and that the Debtor "shall take immediate steps to have necessary repairs done within a reasonable time failing which [Trailer Bridge] shall have the right of withdrawing the Barge from the service of the [Debtor] . . . ." (Ex. A at ¶ 13(a)).

9. One of the Barges named the Atlanta Bridge (the "Atlanta Barge") was damaged in an incident prior to the Petition Date. According to the Debtor, the damage to the Atlanta Barge was caused by the tugboat towing the Atlanta Barge which is owned by Louisiana International Marine, LLC ("LIM" or the "Tugboat Company"). The Atlanta Barge was taken to International Ship Repair in Tampa (the "Shipyard") for repairs and the Debtor made a claim for the damage to LIM's insurance company. On or about May 31, 2021, LIM's insurance company denied coverage for the damage to the Atlanta Barge. The Shipyard had begun repairs to the Atlanta Barge but stopped because LIM informed the Shipyard it would not pay for the repairs to the Atlanta Barge

and the Debtor had not communicated with the Shipyard. Trailer Bridge understands that the Atlanta Barge will begin to accrue docking fees in the amount of $4,000 per day, plus repositioning expenses of $10,000 per move (with a minimum of two required), while repair work is stopped and the barge is docked at another location at the Shipyard. According to its Schedules, on the Petition Date, the Debtor only had $15,531.10 in its bank account and $24,750 in accounts receivable. The Debtor will thus be unable to pay the docking fees and repositioning expenses for the Atlanta Barge, which will cause significant administrative expenses to be incurred against the estate. The Atlanta Barge is also likely subject to be liened by the Shipyard.

10. Upon information and belief, for a period post-petition, the second Barge named the Memphis Bridge (the "Memphis Barge") was being held offshore by the Tug Company, which had not been paid and is owed in excess of $1.1 million. Thus, the Tug Company began to assess the Memphis Barge for additional tug charges post-petition. Upon information and belief, the Tug Company has now resumed operations of the Memphis Barge for the Debtor at a significant cost to the bankruptcy estate. According to its Schedules, the Debtor will be unable to pay the tug charges for the Memphis Barge which will cause significant administrative expenses to be incurred against the estate. The Memphis Barge is also likely subject to be liened by the Tug Company.

11. The Debtor is in default of the Lease for failing to pay pre-petition amounts of $198,650 for the period of April 19, 2021 through May 17, 2021. The Debtor is also in default of the Lease for failing to make two post-petition payments, one due on May 28, 2021 in the amount of $41,100 for the period of May 18, 2021 to May 23, 2021 and one due on June 4, 2021 in the amount of $47,950 for the period of May 24, 2021 through May 30, 2021.

12. Trailer Bridge has been informed that the Debtor's insurance company terminated the insurance coverage on the Barges effective at midnight on June 2, 2021.

13. The Debtor has not yet obtained any debtor-in-possession in financing. While the Debtor purports to need Trailer Bridge's Barges for reorganization, upon information and belief, it does not currently have possession of either Barge. Instead, each of the Barges is in possession of a third-party (the Shipyard and Tug Company) who is likely assessing significant administrative expense claims on a daily basis against Trailer Bridge's property. Setting aside the crucial need for insurance, the Debtor cannot adequately protect Trailer Bridge against the third parties' daily charges, which are likely subject to being liened by the Tug Company and the Shipyard.

## RELIEF REQUESTED

14. By separate Motions, Trailer Bridge has requested that the Debtor be compelled to assume or reject the Lease with Trailer Bridge and to make post-petition payments to Trailer Bridge beginning on the 60th day after the Petition Date. In the event the Debtor fails to or cannot assume the Lease and make post-petition payments to Trailer Bridge as required under Section 365(d)(5), cause exists to modify the automatic stay to allow Trailer Bridge to pursue all *in rem* relief related to the Barges in the Debtor's possession, including taking immediate possession thereof. Cause also exists based on a lack of adequate protection of Trailer Bridge's interest in the Barges.

15. Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as a stay of the commencement or continuation of any judicial proceeding against the Debtor and any act to obtain possession of property of the estate or of property from the estate. Nevertheless, on request of a party in interest and after notice of a hearing, the court shall grant relief from the stay, pursuant to 11 U.S.C. § 362(d)(1) for cause, including the lack of adequate protection of an interest in property.

16. Trailer Bridge lacks adequate protection of its interest in the Barges and "cause" exists as such term is utilized in 11 U.S.C. § 362(d)(1) based upon the Debtor's failure to make post-petition payments under the Lease, its insufficient cash to pay the post-petition payments and lack of post-petition financing, the lapse of insurance on the Barges, and the continued incurrence of administrative expenses against the estate by the third parties currently in possession of the Barges. As noted above, the Atlanta Barge is not being repaired and is likely accruing docking fees of $4,000 per day, plus repositioning expenses of $10,000 per move (with a minimum of two required), which the Debtor has no ability to pay. The Debtor is also incurring significant administrative expenses to the Tug Company, which the Debtor also has no ability to pay. The Debtor simply cannot adequately protect Trailer Bridge against the third parties' daily charges, which are likely subject to being liened by the Tug Company and the Shipyard. In view of the fact that the Barges will continue to depreciate while in the possession of a non-paying Chapter 11 lessee, cause exists to allow Trailer Bridge to exercise all *in rem* rights in the Barges subject to the Lease, including taking immediate possession thereof.

17. Accordingly, in the event the Debtor fails to immediately assume or reject the Lease and otherwise comply with 11 U.S.C. § 365(d), and 503(b)(1) as further described herein, Trailer Bridge seeks relief from the automatic stay allowing it to proceed with all *in rem* rights to recover immediate possession of the Barges from the Debtor. Cause for relief from the automatic stay also exists based on a lack of adequate protection of Trailer Bridge's interest in the Barges.

**WHEREFORE**, Trailer Bridge, Inc. respectfully requests that this Court enter an order modifying the automatic stay to allow Trailer Bridge to exercise all *in rem* rights in the Barges, including the right to take immediate possession of the Barges and granting such other appropriate legal and equitable relief as is just and proper under the circumstances of this case.

DATED:  June 4, 2021                                           **AKERMAN LLP**

*/s/ Steven R. Wirth*
Steven R. Wirth
Florida Bar No.: 170380
steven.wirth@akerman.com
401 East Jackson St., Suite 1700
Tampa, Florida  33602
Telephone: (813) 223-7333
Facsimile: (813) 218-5410

and

John B. Macdonald
Florida Bar No. 230340
john.macdonald@akerman.com
Amy M. Leitch
Florida Bar No. 90112
amy.leitch@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

*Attorneys for Creditor, Trailer Bridge, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June, 2021, I filed a true and correct copy of the foregoing document with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copy on all counsel of record.

I FURTHER CERTIFY a true and correct copy of the foregoing was furnished on this 4th day of June, 2021, by U.S. mail, postage prepaid and properly addressed, to all parties listed on the attached Local Rule 1007-2 Parties in Interest List.

*/s/Steven R. Wirth*
Steven R. Wirth