ORDERED.

Dated: June 11, 2021

_Catherine M<sup>c</sup>Ewen_
Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

WORK CAT FLORIDA, LLC,

Debtor.

Case No.: 8:21-bk-02588-CPM

Chapter 11

**AGREED ORDER GRANTING, IN PART, TRAILER BRIDGE, INC.'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

THIS CASE came before the Court upon the Motion (the "Motion") (Doc. 58)[1] of Trailer Bridge, Inc. ("Trailer Bridge") for relief from the automatic stay. Based upon the consent of the Debtor and Trailer Bridge, it is

**ORDERED**:

1. The Motion is GRANTED, in part.

2. To the extent applicable, the automatic stay imposed by 11 U.S.C. § 362 is lifted to allow Trailer Bridge to arrange for and pay for repairs to the barge leased to the Debtor named the "Atlanta Barge" and any other _reasonable_ ancillary costs and expenses, at the sole and absolute discretion of Trailer Bridge.

_cpm_

---

[1] Unless otherwise noted, defined terms from the Objection are incorporated by reference herein.

58567847;1

3. Such repairs and other ancillary costs and expenses and payment thereof by Trailer Bridge are without prejudice to Trailer Bridge's rights, claims, remedies, and privileges at law or in equity, including but not limited to its subrogation rights, against the Debtor, the Debtor's insurers, Louisiana International Marine, LLC and its insurers, or any other party, with all such rights, claims, remedies, and privileges specifically reserved.

4. Trailer Bridge shall have an allowed administrative claim for all amounts paid by Trailer Bridge for *reasonable* repairs to the Atlanta Barge and any other ancillary costs and expenses related thereto. Upon completion of the repairs, Trailer Bridge shall file an application for payment of administrative expense with the Court attaching all invoices evidencing the costs and expenses paid by Trailer Bridge. As long as the application is properly supported by invoices documenting the amounts paid by Trailer Bridge, no party shall be entitled to object to the application and the application for administrative expense shall be allowed in its entirety, *subject to the Court's review of the reasonableness of ancillary costs and expenses.*

5. Nothing set forth in this Order is intended, nor shall it be deemed to modify, limit, release, reduce or waive any of Trailer Bridge's rights, claims, remedies, and privileges at law or in equity, all of which are specifically preserved.

Attorney Steven Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

*[signatures on following page]*

**The undersigned hereby consent to the entry of the foregoing Order:**

| GENOVESE JOBLOVE & BATTISTA, P.A. | AKERMAN LLP |
|---|---|
| By: /s/ Eric D. Jacobs<br>Eric D. Jacobs<br>Florida Bar No. 85992<br>Email: ejacobs@gjb.law<br>100 N. Tampa Street, Suite 2600<br>Tampa, Florida 33602<br>Telephone: (813) 439-3100<br>Facsimile: (813) 439-3110<br><br>Attorneys for Debtor | By: /s/ Steven R. Wirth<br>Steven R. Wirth<br>Florida Bar No.: 170380<br>steven.wirth@akerman.com<br>401 East Jackson St., Suite 1700<br>Tampa, Florida  33602<br>Telephone: (813) 223-7333<br>Facsimile: (813) 218-5410<br><br>Attorneys for Trailer Bridge, Inc.<br><br>*Filer's Attestation: Pursuant to Local Rule 1001-2(e)(3) regarding signatures, Steven Wirth attests that concurrence in the filing of this paper has been obtained* |