**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

IN RE:

WORK CAT FLORIDA LLC f/k/a
WORK CAT TRANS GULF, LLC,

    Debtor.
_____/

Case No.: 8:21-02588-CPM
Chapter 7 case

## CHAPTER 7 TRUSTEE'S SUPPLEMENTAL AUTHORITY AND RESPONSE TO LOUISIANA INTERNATIONAL MARINE, LLC'S SUPPLEMENTAL AUTHORITY
(Doc. 359)

Douglas N. Menchise ("Trustee"), as Trustee for Work Cat Florida LLC f/k/a Work Cat Trans Gulf, LLC ("Debtor"), by counsel, submits this Response to Louisiana International Marine, LLC's ("LIM") Supplemental Response to Motion to Authorize Distribution (Doc. 359) ("Supplemental Response"), and states as follows:

At hearing on December 16, 2022, this Court requested supplemental authority regarding LIM's Supplemental Objection (Doc. 357) and the Trustee's Response (Doc. 358). The Trustee agrees with the case law and legal authority set for in LIM's Supplemental Response; however, the Trustee contends that LIM does not have a blanket maritime lien on the containers, and therefore, does not have a maritime lien on the proceeds from the containers.

Tge Trustee further agrees that LIM would have a lien *on a vessel* by providing towing services (a maritime necessary). *See* 46 U.S.C. s. 31342. That statute provides that "a person providing necessaries *to a vessel* . . . has a maritime lien *on the vessel* . . . " *Id.* (Emphasis added). The Trustee further agrees that the lien attaches when the necessary good or service is provided. See *e.g., Pan American Bank of Miami v. Tracor Marine, Inc.,* 613 F.2d 599 (5th Cir. 1980).

1

However, here, we must determine whether the lien on the *res* (the vessel) extends to appurtenances.

It is well-settled law that jurisdiction over the *res* is perfected by the initial seizure of the *res*. *See Republic Nat'l Bank v. United States,* 506 U.S. 80, 85 (1992); *The Rio Grande,* 90 U.S. (1875). Accordingly, in determining what appurtenances LIM may have a lien against, the Court would typically look to the *res* on the day of arrest, that is when jurisdiction is perfected over the *res*. See *e.g., Motor-Services Hugo Stamp, Inc. v. M/V Regal Empress,* 165 Fed.Appx. 837 (11th Cir. 2006); *Canaveral Port Authority v. M/V LIQUID VEGAS*, 2009 WL 3347596 (M.D.Fla. 2009).

In the cases cited by both LIM and Work Cat, the Court determines what is an appurtenance at the time of arrest. Here, perhaps the Court would use the Petition Date. Irrespective of whether the Court considers jurisdiction over the *res* (the vessel) at the time of filing of the petition, LIM does not have a blanket lien on all containers. Assuming *arguendo* that a container is, in fact, an appurtenance, LIM would only have a lien on those appurtenances on the vessel at the time of perfection of jurisdiction over the *res*.

Work Cat maintains that containers are not an appurtenance to a vessel. That is, containers are not appurtenant to a vessel because they are not specifically identifiable to a particular vessel. There are no cases (in the maritime lien context) that stand for the proposition that a container is an appurtenant to a vessel. To be an appurtenant the lien would need to be a specific container associated specifically with a vessel. *See Gonzalez v. M/V DESTINY PANAMA,* 102 F.Supp.2d 1352 (S.D.Fla. 2000) ("an appurtenance is any specifically identifiable item that is destined for use aboard a specifically identifiable vessel . . . "). Here, there are hundreds of containers leased from CSX to Work Cat (See Doc. 111-1), none of which were permanently assigned to a particular

vessel. Thus, the containers are not appurtenances and LIM has not identified those containers that were allegedly on the vessel at the time of arrest (or the time of filing the petition).

Moreover, in *Barnes v. Sea Hawai'i Rafting, LLC*, 371 F.Supp.3d 797 (Dist. Hawai'I 2019), the Court held that a commercial license was not an appurtenant to a vessel because it would not be sold with the vessel. In that case, plaintiff argued that the commercial license was essential to the navigation, operation, and mission of the vessel, and therefore an appurtenant. However, the Court reasoned that because it would not be transferred with the vessel, it was not an appurtenant. Similarly, here, the containers would not be transferred with the sale of the vessel, and should not be considered an appurtenant.

WHEREFORE, Plaintiff, Douglas N. Menchise ("Trustee"), as Trustee for Work Cat Florida LLC f/k/a Work Cat Trans Gulf, LLC ("Debtor"), by counsel, respectfully request that this Court deny LIM's Objection to the Interim Distribution and provide and any other relief that this Court deems just and proper.

Date: December 19, 2022

| **Shumaker, Loop & Kendrick, LLP** | **Turkel Cuva Barrios, P.A.** |
|---|---|
|  | */s/ Anthony J. Cuva* |
| */s/ Steven M. Berman* | **ANTHONY J. CUVA, ESQUIRE** |
| **STEVEN M. BERMAN, ESQUIRE** | Florida Bar No.: 896251 |
| Florida Bar No.: 856290 | Primary E-Mail: cuva@tcb-law.com |
| E-Mail: sberman(@shumaker.com |  |
| 101 E. Kennedy Blvd., Suite 2800 | */s/ Anthony J. Severino* |
| Tampa, Florida 33602 | **ANTHONY J. SEVERINO, ESQUIRE** |
| Phone (813) 229-7600 | Florida Bar No.: 93452 |
| *Counsel for Trustee Douglas N. Menchise,* | Primary E-Mail: aseverino@tcb-law.com |
| *Ch. 7 Trustee* | 101 N. Tampa Street, Suite 1900 |
|  | Tampa, Florida 33602 |
|  | Phone (813) 834-9191 |
|  | *Counsel for Trustee Douglas N. Menchise,* |
|  | *Ch. 7 Trustee* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19, 2022, the foregoing was furnished by CM/ECF notice to all counsel of record.

                                           */s/ Steven M. Berman*
                                           **Attorney**