UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

WORK CAT FLORIDA LLC F/K/A WORK CAT        Case No.: 8:21-bk-02588-CPM
TRANS GULF, LLC,

                                                                                       Chapter 7

    Debtor.
_____/

**JOINT MOTION TO APPROVE COMPROMISE WITH OTI ENTERPRISES LLC**

> NOTICE OF OPPORTUNITY TO OBJECT
> AND REQUEST FOR HEARING
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of Court at Sam. M. Gibbons United States Courthouse, 801 North Florida Avenue, Suite 555, Tampa, Florida 33602, within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

DOUGLAS N. MENCHISE, in his capacity as the chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") on the one hand, and OTI ENTERPRISES LLC ("**OTI**," and together with the Trustee, the "**Parties**") on the other hand, by and through their undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019, hereby move for entry of an order approving of the compromise of the Parties, as described more fully herein, and in support thereof respectfully state as follows:

## BACKGROUND

1. On May 18, 2021, Work Cat Florida LLC (the "**Debtor**") filed a voluntary petition for relief under chapter 11, subchapter V, of title 11 of the United States Code, sections 101 *et seq*. (the "**Bankruptcy Code**"), thereby initiating the above referenced bankruptcy case. See Bankr. Doc. No. 1.

2. On June 17, 2021, this Court entered its *Order Converting Case from Chapter 11 to Chapter 7 Case* [Bankr. Doc. No. 87], and Plaintiff was appointed as the Chapter 7 Trustee.

3. On June 17, 2022, Plaintiff filed his *Adversary Complaint* [Doc. No. 1] (the "**Original Complaint**") against Offshore Towing, Inc., thereby initiating this adversary proceeding.

4. On May 26, 2023, Plaintiff filed his *Motion for Leave to Amend Complaint* [Doc. No. 38], seeking leave of Court to amend the Original Complaint to add OTI as a defendant in this adversary proceeding.

5. On August 7, 2023, this Court entered its *Order Granting Motion for Leave to Amend Complaint*. See Doc. No. 48.

6. Plaintiff filed his *Amended Complaint* [Doc. No. 50] (the "**Amended Complaint**") against OTI on August 14, 2023.

7. This Court has extended the deadline for OTI to respond to the Amended Complaint from time to time as the Parties were engaged in productive settlement negotiations. See Doc. Nos. 56, 58, 61, 64, 66, 70, 77, and 82.

8. To avoid the uncertainty and cost of additional litigation at this time, the Parties have reached an agreement resolving the issues raised in the Amended Complaint, as described in greater detail below, and respectfully request that this Court enter an order approving of same.

## TERMS OF SETTLEMENT

9. The Parties have agreed to the following:

   a. Within five (5) days after this Court enters an order granting this motion and approving of this settlement agreement, OTI shall remit to the Trustee seventeen-thousand, five hundred dollars ($17,500.00) (the "**Settlement Funds**");

   b. Within five (5) days after receipt of the Settlement Funds, the Trustee shall voluntarily dismiss this Adversary Proceeding with prejudice;

   c. The Parties shall cooperate to effectuate the terms of this agreement;

10. This settlement is the result of good faith, arm's length negotiations between the Parties and resolves the disputed claims set forth in more detail in the Amended Complaint. Resolving the Amended Complaint and the disputed issues raised therein will avoid the cost, delay, and uncertainty of further litigation.

11. These terms set forth herein represent the entire agreement between the Parties and shall be enforceable as set forth herein.

12. This Court shall retain jurisdiction to interpret and enforce the terms of this settlement, and this Court shall be the exclusive venue for any request by either the Trustee or OTI to interpret or enforce this agreement.

## BASIS FOR RELIEF REQUESTED

13. Federal Rule of Bankruptcy Procedure 9019(a) authorizes a bankruptcy court to approve a compromise and settlement. The approval or rejection of a compromise or settlement

is left to the sound discretion of the bankruptcy court. *See In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998); *In re Arrow Air*, 85 B.R. 886, 890-91 (Bankr. S.D. Fla. 1988) (holding that "[i]t has long been the law that approval of a settlement in a bankruptcy proceeding is within the sound discretion of the court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion"); *Collier on Bankruptcy* ¶ 9019.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed). In exercising its sound discretion, a bankruptcy court should give due regard to what is right and equitable under the particular circumstances of the case and under applicable law. *See Langnes v. Greeni*, 282 U.S. 531, 541 (1931).

14. Settlements and compromises should be approved unless they "fall[] below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). "[B]ankruptcy court[s] [are] not required to rule on the merits, and must look only to the probabilities." *Romagosa v. Thomas (In re Van Diepen, P.A.)*, 236 Fed. Appx. 498, 504 (11th Cir. 2007).

15. The Eleventh Circuit has identified certain factors to consider when determining whether to approve a compromise, including

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the creditors and proper deference to their reasonable viewed in the premises.

*In re Justice Oaks II, Ltd.*, 898 F. 2d 1544, 1549 (11th Cir. 1990) (internal quotations omitted).

16. Here, the agreement outlined in this Motion was negotiated at arm's length, is fair and equitable, and is in the best interest of the bankruptcy estate. Specifically, this agreement avoids the diminution in value of the Debtor's estate through the additional litigation and trial of the Amended Complaint, particularly at this juncture when the litigation is in its infancy and the

...

pleadings remain open. Accordingly, the Trustee submits that, in his business judgment, the terms of this agreement are overwhelmingly in the best interest of this estate, its creditors, and other parties in interest.

WHEREFORE, the Parties respectfully request that this Court enter an order (i) granting this Motion; (ii) approving of the Parties' agreement as set forth in this Motion; and (iii) granting any and all further relief as is necessary and just.

Dated: February 15, 2024.                                       Respectfully submitted,

| | |
|---|---|
| /s/ Sophia Bernard, Esq.* | /s/ Steven M. Berman |
| Sophia Bernard, Esq. | Steven M. Berman, Esq. |
| Fla. Bar No.: 113805 | Fla. Bar No.: 856290 |
| **TAYLOR NELSON PL** | **SHUMAKER, LOOP & KENDRICK, LLP** |
| 20 3rd St. SW, Ste. 209 | 101 E. Kennedy Blvd., Ste. 2800 |
| Winter Haven, FL 33880 | Tampa, FL 33602 |
| T: (863) 875-6950 | F: (863) 875-6955 | T: (813) 229-7600 | F: (813) 229-1600 |
| Primary email: sbernard@taylorlawpl.com | Primary email: sberman@shumaker.com |
| Secondary email: efiling@taylorlawpl.com | Secondary email: choffman@shumaker.com |
| *Counsel for OTI Enterprises LLC* | *Counsel for Douglas N. Menchise, Chapter 7 Trustee* |

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Steven M. Berman attests that concurrence in the filing of this paper has been obtained.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 15, 2024, a true and correct copy of the foregoing was filed using this Court's CM/ECF system, which caused an electronic copy to automatically be served on those registered for service, and was served via U.S. Mail on the following:

**All creditors on the attached matrix**

                                                    */s/ Steven M. Berman*
                                                    Attorney

```
Label Matrix for local noticing          AirIQ, Inc.                              Brazos Santiago Launch Servi -
113A-8                                   c/o Kathleen L. DiSanto, Esq.            158 Isabella Point Drive
Case 8:21-bk-02588-CPM                   Bush Ross, P.A.                          Port Isabel, TX 78578-4215
Middle District of Florida               PO Box 3913
Tampa                                    Tampa, FL 33601-3913
Thu Feb 15 14:57:08 EST 2024

Brownsville Navigation District          CSX Intermodal Terminals, Inc. -         City of Tampa -
of Cameron County, Texas                 McGuireWoods LLP (attn: John H. Maddock  315 E. Kennedy Boulevard
c/o Daniel L. Rentfro, Jr., Esq.         800 East Canal Street                    5th Floor, Old City Hall
1650 Paredes Line Road, Ste 102          Richmond, VA 23219-3916                  315 E. Kennedy Boulevard, 5th Floor, Old
Brownsville, Texas 78521-1665                                                     Tampa, FL 33602-5211

Couhig Partners LLC -                    Direct Chassis Link, Inc. -              Internal Revenue Service -
3250 Energy Center                       PO Box 603061                            P. O. Box 7346
1100 Poydras Street                      Charlotte, NC 28260-3061                 Philadelphia, PA 19101-7346
New Orleans, LA 70163-1101


Louisiana Int'l Marine, LLC -            Louisiana International Marine, LLC -    OTI Enterprise, LLC -
1423 Whitney Avenue                      c/o Matthew F. Popp, Esq.                Holcomb & Leung PA
Gretna, LA 70056-5027                    650 Poydras Street, Suite 2105           3203 W. Cypress St.
                                         New Orleans, LA 70130-6121               Tampa, FL 33607-5109


Offshore Towing, Inc. -                  Port Isabel Logistical -                 Port Logistics Refrigerated Services Inc.
PO Box 1463                              Offshore Terminal, Inc.                  c/o Shutts & Bowen LLP
Larose, LA 70373-1463                    PO Box 79189                             4301 W. Boy Scout Blvd., Suite 300
                                         Houston, TX 77279-9189                   Tampa, FL 33607-5716


Sabine Surveyors, LTD -                  Shrimp Service Dock Association Inc -    Signet Maritime Corporation -
5700 Procter Street Extension            2633 Causeway Blvd                       c/o Lauren Baio, Esq.
Port Arthur, TX 77642-0936               Tampa, FL 33619-5166                     GrayRobinson, P.A.
                                                                                  401 E. Jackson Street, Suite 2700
                                                                                  Tampa, FL 33602-5841

Tampa Port Authority dba Port Tampa Bay - Tejas Truck and Trailer Repair -        Trailer Bridge, Inc.
1101 Channelside Drive                   1474 W Price Rd                          c/o Steven R. Wirth, Esq.
Tampa, FL 33602-3611                     Suite 7-296                              Akerman, LLP
                                         Brownsville, TX 78520-8687               401 E. Jackson Street, #1700
                                                                                  Tampa, FL 33602-5250

Vetting LLC
1017 Blue Heron Way
Tarpon Springs, FL 34689-7142
```

                The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Star Leasing Company, LLC -           (u)Note: Entries with a '+' at the end of the   End of Label Matrix
                                         name have an email address on file in CMECF     Mailable recipients    21
                                         --------------------------------------------    Bypassed recipients     2
                                         Note: Entries with a '-' at the end of the      Total                  23
                                         name have filed a claim in this case
```